IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUMBERTO E. AGUILAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-947-B-BN |
| | § | |
| CITY OF CARROLLTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING LEAVE TO FILE SUR-REPLY**

Plaintiff Humberto E. Aguilar filed a *pro se* complaint under 42 U.S.C. § 1983 against the City of Carrollton and three Carrollton police officers. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 14.

The City and the officers moved to dismiss Aguilar's complaint under Federal Rule of Civil Procedure 12(b)(6) and based in part on assertions of qualified immunity. *See* Dkt. Nos. 29, 30, & 33-36.

And the parties briefed the motions to dismiss as allowed by the Court's order. *See* Dkt. Nos. 42, 47, 48, & 50.

Aguilar then moved for leave to file a sur-reply, arguing that Defendants have introduced new material through their reply brief, but Aguilar has not attached his proposed sur-reply to the motion for leave. *See* Dkt. No. 51; *cf.* N.D. TEX. L. CIV. R. 15.1 (requiring parties moving for leave to amend a pleading to provide with the

motion a proposed amended pleading).

Defendants filed their opposition to the motion for leave the next day. *See* Dkt. No. 52.

> "[N]either the local rules of [this district] court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right." *Corbello v. Sedgwick Claims Mgmt. Servs., Inc.*, 856 F. Supp. 2d 868, 890 (N.D. Tex. 2012); *see also* N.D. TEX. L. CIV. R. 7.1. Because the rules do not provide for surreplies as a matter of right, the district court only accepts such filings "in exceptional or extraordinary circumstances." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (mem.).

*Gezu v. Charter Commc'ns*, 17 F.4th 547, 555-56 (5th Cir. 2021) (cleaned up).

"The restrictions against surreplies and against new arguments raised for the first time in a reply brief are imposed by the court and may not be waived by the parties," and "[t]he court will not permit the parties to continue arguing the merits beyond the scope provided for in the local rules, absent exceptional circumstances, no matter how much they wish to do so." *Lacher*, 147 F. Supp. at 540 n.2.

And, so, "[o]rdinarily, sur-replies are 'heavily disfavored,' and the decision to allow a sur-reply lies within the district court's discretion." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (quoting *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)).

"But when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Id.* (citations omitted).

Considering the particulars here, the undersigned elects to not rely on any new arguments or evidence that may be presented through the reply brief. And, while Defendants argue that none exist, the undersigned will carefully review the parties'

briefing and the pleadings (which could include videos) when preparing the findings, conclusions, and recommendation as to the motions to dismiss for Judge Boyle's consideration.

The Court therefore DENIES Aguilar's motion for leave to file a sur-reply.

And, to the extent that Aguilar argues that the new material introduced through the reply includes how Defendants characterize the video record, *see* Dkt. No. 51 at 1-2, that record will speak for itself to the extent that the Court will independently review any videos that should be considered part of the pleadings, *see, e.g.*, *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1163 (5th Cir. 2021); *Sligh v. City of Conroe, Tex.*, 87 F.4th 290, 298 (5th Cir. 2023) (per curiam) – and need not accept Defendants' (or Aguilar's) characterizations as to what a particular video reflects, *see Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012) ("When one party's description of the facts is discredited by the record, [a court] need not take his word for it but should view 'the facts in the light depicted by the videotape.'" (quoting *Scott v. Harris*, 550 U.S. 372, 380-81 (2007))); *Joseph v. Bartlett*, 981 F.3d 319, 325 (5th Cir. 2020) (Where a court "proceed[s] through the facts in detail, including the disputed facts, considering each officer's actions independently," it "draw[s] these facts from the record, prioritizing the video evidence." (footnotes omitted)).

SO ORDERED.

DATED: August 27, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE