IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUMBERTO E. AGUILAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-947-B |
| | § | |
| CITY OF CARROLLTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

With the benefit of video evidence made part of the pleadings, the Court granted Defendants'

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) (and, in part, based on qualified

immunity); determined that Plaintiff has stated his best case and that leave to amend need not be

granted; and therefore entered judgment dismissing this lawsuit with prejudice, on February 27,

2026. *See* Dkt. No. 62; *see also* Dkt. Nos. 59-61.

Less than 28 days later, Plaintiff moved for relief under Federal Rule of Civil Procedure 59(e).

*See* Dkt. No. 63.

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the

claims among all the parties, such a motion filed "within twenty-eight days after the entry of the

judgment … is treated as though it was filed under Rule 59." *Demahy v. Schwarz Pharma, Inc.*, 702

F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Washington v. UTMB*, No.

20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is

labeled or classified, a motion seeking reconsideration is treated as a [Rule] 59(e) motion if it is filed

within the applicable 28-day time limit." (citations omitted)).

-1-

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly,'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)), and may not be invoked "to rehash matters that have been thoroughly considered and rejected by the court." *Wardlow v. United States*, No. 4:04-CV-408, 2017 WL 4868229, at *5 (E.D. Tex. Oct. 26, 2017).

Because Plaintiff essentially seeks to do just that—"rehash [arguments] that have been thoroughly considered and rejected"—and otherwise has not shown how controlling law has changed since the Court entered judgment, nor presented newly discovered evidence that could question the correctness of the judgment, nor shown a manifest error of law or fact that should be corrected, the Rule 59(e) motion is **DENIED**.

And, to the extent that Plaintiff also moves for leave to amend through the Rule 59(e) motion, "[w]hen a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than under Fed. R. Civ. P. 15(a)." *Farmers Tex. Cnty. Mut. Ins. Co. v. 1st Choice Accident & Injury, L.L.C.*, 168 F.4th 271, 276, (5th Cir. 2026) (quoting *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018); citation omitted)).

That is because "[p]ost-judgment amendment to a complaint can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (citations omitted).

And, if "a party moves to amend its complaint under Fed. R. Civ. P. 59(e) or 60," a court's "analysis of a party's [post-judgment] motion should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a)." *Farmers*, 168 F.4th at 276 (cleaned up; quoting *Allen*, 907 F.3d at 184 (quoting, in turn, *Dussouy v. Gulf Coast Inv. Corp.*, 660

F.2d 594, 597 n.1 (5th Cir. Nov. 1981))).

But even if the court liberally construes Plaintiff's post-judgment motion as a motion under Rule 15(a)—and spares it from the more exacting standards of Rule 59(e)—Plaintiff still has not shown that amendment should be granted where he fails to provide the Court amended allegations that offer "facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citations omitted).

**SO ORDERED.**

**DATE: April 14, 2026.**

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE